ACCEPTED
15-24-00133-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/16/2025 5:48 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00133-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/16/2025 5:48:20 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS

**Insight Investments, LLC**,

*Appellant,*

*v.*

**Stonebriar Commercial Finance, LLC**,

*Appellee.*

On Appeal from the 380th District Court, Colin County, Texas
Trial Court Cause No. 380-06242-2022
Honorable Benjamin N. Smith, presiding

## APPELLANT'S OPPOSED
## EMERGENCY MOTION FOR TEMPORARY RELIEF

Thomas C. Wright
State Bar No. 22059400
Rachel H. Stinson
State Bar No. 24037347
**WRIGHT CLOSE & BARGER, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321 (Phone)
(713) 572-4320 (Facsimile)
wright@wrightclosebarger.com
stinson@wrightclosebarger.com

Mark W. Stout
State Bar No. 24008096
Owen C. Babcock
State Bar No. 24104585
**PADFIELD & STOUT, L.L.P.**
100 Throckmorton St, Ste 700
Fort Worth, Texas 76102
817-338-1616 —Telephone
817-338-1610 —Facsimile
mstout@padfieldstout.com
obabcock@padfieldstout.com

**Attorneys for Appellant Insight Investments, LLC**

**EMERGENCY RELIEF REQUESTED**

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

As provided by Texas Rule of Appellate Procedure 24.3(b) and 24.4, Appellant Insight Investments, LLC is filing a motion in this Court to request an order overturning the trial court's order that Insight must deposit or post bond for $5,903,679.08 to supersede execution pending appeal. **Together with that motion, Insight hereby files *this* motion for emergency relief, asking this Court to stay the trial court's supersedeas order until this Court rules on the Insight's Rule 24.4 motion.**

A temporary stay of the trial court's order setting supersedeas at nearly $6 million is appropriate so that this Court may properly review Insight's motion regarding that order, and to avoid a situation in which Insight is deprived of a significant and important right guaranteed by Texas law. Because the judgment creditor is threatening immediate collection efforts, and because the trial court's order gives no due date for compliance, Insight requests this Court issue as stay as soon as practicable.

## SUMMARY OF RELIEF REQUESTED

The final judgment in this case awards only "equitable relief," attorney's fees, and costs—it does not contain a dollar amount (or formula for calculating such an amount) awarded on the underlying breach of contract claim. The deficiencies of this final judgment serve in part as the basis for the appeal currently pending in this Court. When Stonebriar threatened attempts to "collect" on a judgment that doesn't contain any actual damages, Insight deposited $500 as a good-faith effort to supersede at least the attorneys fee award in the judgment. Appellee Stonebriar Commercial Finance, LLC then filed a motion to have the trial court increase the amount needed to supersede enforcement of a requirement in the judgment to "repurchase" a lease that no longer exists, and asked for a hearing. Within a day of Stonebriar's request for a hearing, while the court coordinator was providing counsel dates for a hearing on the motion, the trial court, without waiting for a response from Insight or hearing any evidence, signed Stonebriar's proposed order requiring Insight to deposit or bond **$5,903,679.08** to supersede execution. Insight's basis for seeking appellate review of that order is set out in its Motion to Review Supersedeas Order. **While this Court**

3

**considers that motion, however, Insight further asks the Court to grant an emergency stay of the trial court's order and any attempted execution on the final judgment, as soon as practicable.**

## REQUEST FOR EMERGENCY STAY

"The appellate court may issue any temporary orders necessary to preserve the parties' rights." TEX. R. APP. P. 24.4(c). Insight asks this Court to issue a temporary order staying all proceedings in the trial court, including post-judgment discovery and any other efforts to execute on the judgment, pending the Court's resolution of its motion to review the security amount. *See id*.; *Shook*, 304 S.W.3d at 916; *Ramco*, 171 S.W.3d at 909. A stay is necessary to preserve the status quo and prevent execution on the judgment during the Court's review of this supersedeas issue. *See* TEX. R. APP. P. 24.4(c).

Insight is entitled to suspend execution on and enforcement of the trial court's final judgment. TEX. R. APP. P 24.1; *In re S. Tex. Coll. of Law*, 4 S.W.3d 219, 220 (Tex. 1999). Yet, even after Insight posted its cash deposit and before the trial court issued its supersedeas order, Stonebriar was already threatening to "start collecting." Accordingly, this Court's

4

intervention is required to preserve Insight's right to suspend the judgment, stay such efforts, and preserve the central dispute at issue for this Court's review.

## FACTUAL BACKGROUND

This case involves a series of agreements under which Insight borrowed money on a non-recourse basis from Appellee Stonebriar Commercial Finance, LLC. Insight used those funds to purchase audio-visual and electronic equipment that was then leased on a long-term basis to various customers. The customers were to send the bulk of their monthly lease payments directly to Stonebriar, and over time Stonebriar would thus recoup its original loan plus additional amounts. Insight and Stonebriar entered into a "Master Non-Recourse Security Agreement and Assignment" in April 2022, setting out the general terms of their relationship and specifying additional documents to be signed later and incorporated into the overall transaction. As suggested by its title, the "Master Non-Recourse Security Agreement and Assignment" specified that Stonebriar was assigned the primary security interest in the leased equipment and lease contracts, and in exchange, Insight would not be

liable for the payment of any principal or interest due on the loan. 1CR248–64; *see also* 1CR379–84 (Declaration of Christopher M. Czaja).

In the following months, Insight and Stonebriar worked to complete the packet of underlying documents for a particular set of equipment leased to a customer in Arizona. *See* "Specification" No. 1; 1CR266–67. Insight was not able to obtain a signed copy of one of these documents, the "Landlord Waiver," at same time as the rest. So Insight's President signed a letter stating that "[Insight] indemnifies and holds [Stonebriar] harmless from Insight's inability to provide [Stonebriar] with the Landlord Waiver for the above-referenced transaction." 1CR269. He further stated that, if the "original documentation is not delivered to [Stonebriar]'s office, then Insight, at [Stonebriar's] sole discretion, shall repurchase the Equipment Lease Agreement for the principal outstanding of the Promissory Note, plus accrued interest at the rate stated in the Promissory Note, plus all costs of collection including attorney's fees." *Id*. Stonebriar began receiving lease payments from the customer in August 2022, *see* 1CR383, but it quickly soured on the deal altogether.

In October 2022, Stonebriar used the lack of a signed Landlord Waiver as a purported reason to demand that Insight "immediate[ly] repurchase" the entire lease agreement for $ 4,841,021.72, plus daily interest of $ 1,315.17. 1CR278–80. Insight declined, pointing out that the terms of the agreement did not provide for such a demand. Insight further pointed out that Stonebriar had thus far received every one of the lease payments owed to it, and "has not been harmed in any manner whatsoever." 1CR282-83. Less than a week later, Stonebriar sued Insight for breach of contract in Collin County, Texas. 1CR14–22.

In a creative bit of wordplay, Stonebriar's Original Petition pleaded for only "equitable" and "nonmonetary relief" and "specific performance," plus attorneys' fees and costs. 1CR14, 1CR19. As it turned out, Stonebriar's definition of "equitable relief" meant having Insight pay Stonebriar the money Stonebriar had demanded in October 2022. 1CR14–22. Stonebriar sought summary judgment, asking the trial court to order Insight "to repurchase the Equipment Lease Agreement pursuant to the terms of the Repurchase Letter within seven business days of this Final Judgment." 1CR235–344. The trial court granted Stonebriar's motion, and further awarded $291,341.00 for attorneys' fees

and costs, plus conditional awards of $160,800 for an appeal to the court of appeals and $183,630 for an appeal to the Supreme Court of Texas. *See* **Exhibit A**, Final Judgment signed September 16, 2024; 1CR1021–23.[1] Insight filed a Motion to Reconsider, Set Aside, Reform or Vacate Judgment and Motion for New Trial, which was overruled by operation of law. 1CR1029–58. Out of an abundance of caution, Insight deposited $500 cash with the Collin County District Clerk's Office and filed notice of that deposit in the trial court. *See* **Exhibit B**, Notice of Cash Deposit.[2]

---

[1] The Original Clerk's Record in this matter was filed on December 30, 2024, and contains all filings and docket entries as of Insight's request for preparation of the clerk's record on December 10, 2024. Insight has requested a Supplemental Clerk's Record for filings and docket entries after December 10, 2024, and attaches certain documents filed in the trial court after December 10, 2024 as **Exhibits B-E** to this motion. **Exhibit E** to this motion also contains certain emails exchanged between counsel on which the trial court was not copied.

[2] Such a cash deposit under Tex. R. App. P. 24.1 is effective to supersede a judgment, even if the amount is allegedly insufficient under some other rule or principle. *In re Shopoff Advisors, L.P.*, No. 04-18-00001-CV, 2018 WL 733789, at *3 (Tex. App.—San Antonio Feb. 7, 2018, no pet.). It was at least sufficient to supersede collection on attorneys' fees, which do not need to be included in the supersedeas amount. *In re Nalle Plastics Family Limited Partnership*, 406 S.W.3d at 173 (where attorney's fees are not part of the plaintiff's claim for damages, attorney's fees may not be considered either compensatory damages or costs for purposes of suspending enforcement of a money judgment, and should not be included in the calculation of the supersedeas amount); *see also In re Corral-Lerma*, 451 S.W.3d 385, 386 (Tex. 2014) (same); *In Interest of K.K.W.*, No. 05-16-00795-CV, 2018 WL 1477533, at *4 (Tex. App.—Dallas Mar. 27, 2018, no pet.) (trial court prohibited from requiring supersedeas for conditional appellate fees under Tex. R. App. P. 24.2(a)(3)); *Halleman v. Halleman*, No. 02-11-00238-CV, 2011 WL 5247882, * 5 (Tex. App.—Fort Worth Nov. 3, 2011, orig. proceeding) (mem. op.) (conditionally granting writ for trial court to vacate order

Once again, Stonebriar wanted more. Even without an actual dollar amount contained in or ascertainable from the final judgment, Stonebriar asked the trial court to order Insight post the full amount of the unpleaded contract damages that Stonebriar never properly asked for, never proved up, and did not set out within the proposed "Final Judgment" signed by the trial court. For the first time, Stonebriar asserted that the amount at issue was "$5,903,679.08"— a figure notably absent from both the pleadings and the final judgment signed by the trial court. *See* **Exhibit C**, Motion to Set Supersedeas Amount. In support of its demand, Stonebriar submitted a wholly conclusory declaration from Jeffrey L. Wilkison, Stonebriar's "Senior Vice President and Chief Risk Officer." *Id*. Wilkison's declaration asserts that Insight owes Stonebriar "$5,903,679.08," a sum that he arrived at by adding the "amount included in the October 14, 2022 Repurchase Demand ($4,841,021.72), plus $1,062,657.36 in accumulated interest for the 808 days since then ($1,315.17 in accumulated interest for each day after October 14, 2022)." *Id*. None of these figures, nor any related formula by which to calculate

requiring judgment debtor to deposit amount of conditional appellate fees awarded into the registry of the court as security for the appeal).

9

them, are recited within the final judgment, and no reduction or offset for payments Stonebriar has continued to receive from the Arizona lessee are included.

Stonebriar's motion was filed at 6:31 pm on Tuesday, December 31, 2024. Over the next few business days, counsel for Stonebriar and Insight engaged in joint e-mail communications with the trial court's staff about setting an evidentiary hearing on Stonebriar's motion.[3] Through these e-mails, counsel for all parties learned that the trial court had already signed Stonebriar's proposed supersedeas order—without a hearing, and without Insight being afforded time to respond or lodge objections. The trial court ordered "Insight must post a supersedeas bond or deposit in the amount of $5,903,679.08 to stay the execution of judgment in this case pending appeal." *See* **Exhibit D**, Order Setting Supersedeas Amount signed January 6, 2025.

Even *before* Stonebriar learned that the trial court had signed its proposed supersedeas order, and *after* Insight's cash deposit, Stonebriar

---

[3] *See* Collin County Local Rule 3.1 (requiring agreement, or at least good-faith efforts to secure agreement, before setting hearings). The e-mails between counsel, and with court staff, appear at **Exhibit E** hereto.

10

nonetheless threated Insight that it would attempt to "start collecting." *See* **Exhibit E** at pg. 3,4.

Indeed, Stonebriar's entire approach to this lawsuit has been at odds with both well-settled law and the principles of equity that Stonebriar itself has repeatedly invoked. Stonebriar sought "equitable relief" in the form of "specific performance" to which it was not legally entitled, thus side-stepping having to prove up its entitlement to and amount of contract damages. Stonebriar's approach to supersedeas is the same—assuring the trial court that it is *not* seeking money damages while asking for a supersedeas amount *in excess of* what it would be entitled to if it *had* sued for money damages. In that motion, Stonebriar ostensibly relied on Texas Rule of Appellate Procedure 24.2(a)(3) in asking the trial court to set supersedeas at $5,903,679.08, but it then failed to put on sufficient evidence to prove that was the correct amount. Such tactics should not be rewarded. After all, the stated purpose of the Texas Rules is "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." TEX. R. CIV. P. 1.

11

Without a stay of the supersedeas order, the parties will be plunged into a continuing morass of uncertainty about what payments are really due and what happens to the underlying agreements and rights conferred therein. This Court should stay the trial court's supersedeas order and any enforcement efforts or post-judgment discovery so that the controversy at issue can be decided in a manner authorized by Texas law.

## LEGAL STANDARDS

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009); *Crowder v. Sanger*, No. 03-21-00291-CV, 2022 WL 2291213, at *2 (Tex. App.—Austin June 24, 2022, op. on motion) (per curiam) (mem. op.); *see also* TEX. CIV. PRAC. & REM. CODE § 52.006; Tex. R. App. P. 24. The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *See, e.g., Smith v. Texas Farmers Ins.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied).

Rule 24.4 permits Insight to seek relief from this Court when, after an appeal is filed, the trial court below takes action on a supersedeas

12

issue. Tex. R. App. P. 24.4. Since the purpose of supersedeas is to preserve the status quo, Rule 24.4 authorizes this court to stay a trial court's supersedeas order until this Court has an opportunity to review the issue itself. Similarly, Texas Rule of Appellate Procedure 29.3 authorizes this Court to "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal," including orders staying some or all of the underlying trial court proceedings and orders. *Amneal Pharm., Inc. v. Cnty. of Dallas*, No. 14-23-00202-CV, 2023 WL 3616022, at *1 (Tex. App.—Houston [14th Dist.] May 23, 2023, no pet.) (order granting stay in part) (per curiam). Together, these rules serve the "same purpose— preservation of the parties' rights while the appeal proceeds." *In re State*, No. 24-0325, 2024 WL 2983176, at *2 (Tex. June 14, 2024) (orig. proceeding) (temporary order).

## ARGUMENT

### A. The merits of both the pending appeal and the motion to review the supersedeas order weigh in favor of staying the trial court's order pending review by this Court.

*In re State* lays out the considerations relevant here, the first of which is the merits of both the supersedeas motion and Insight's appeal. Insight's evidence and argument in support of both will be detailed in Insight's motion to review the supersedeas order and in Insight's

13

appellant's brief. Briefly summarized here, both the evidence Stonebriar submitted below, and the procedure employed by the trial court to arrive at those decisions are entirely defective.

As for the supersedeas order, as set out in more detail in Insight's contemporaneous motion in this Court, when a trial court's judgment is for something *other* than money or an interest in property, as Stonebriar asserts that this one is, the trial court must set the amount and type of security that the judgment debtor must post, and such amount must adequately protect the judgment creditor against loss or damage that the appeal might cause. TEX. R. APP. P. 24.2(a)(3). "[Rule 24.2(a)(3)] requires calculating the 'loss or damage' that the judgment creditor ... faces during the appeal, not the avoided losses or other benefit that might accrue to the judgment debtor if the judgment is superseded." *Haedge v. Cent. Tex. Cattleman's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020) (per curiam). Thus, it was Stonebriar's burden to present competent evidence "to quantify 'the loss or damage that the appeal [as opposed to the failure to pay the underlying judgment itself] might cause.'" *Pedernales Elec. Coop., Inc. v. White*, No. 03-21-00034-CV, 2021 WL 401982, at *3 (Tex. App.—Austin Feb. 4, 2021, no pet.) (emphasis in original).

Further, no matter what kind of judgment is at issue, the trial court must set the supersedeas amount at a sum that "will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting a bond, deposit, or security in the amount required by [TEX. R. APP. P. 24.2(a)] is likely to cause the judgment debtor substantial economic harm." TEX. R. APP. P. 24.2(b); *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 918 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The trial court wholly failed to consider this issue as well.

As for the merits of the final judgment on appeal, Insight's arguments on appeal will be set out in more detail in its brief, but a brief summary here is as follows: Stonebriar's pleadings and summary judgment evidence are wholly deficient, Stonebriar was not entitled to judgment in its favor below, and the judgment itself suffers from a number of fatal flaws. Stonebriar signed a non-recourse agreement to lend Insight money and received a security interest in the equipment purchased with that money and leased to the end user. Under the terms of that agreement, if Stonebriar was dissatisfied with the course of repayments or the end user's conduct, Stonebriar's proper remedy was to

seek a recovery involving the end user or the equipment. Stonebriar did neither. Instead, Stonebriar used a claim for "equitable relief" as a stalking horse to seek damages against Insight—essentially winning on a claim that it never actually pleaded for or proved up. Then, Stonebriar submitted a vague and ineffectual "final judgment," which the trial court signed, and claimed it was entitled to hundreds of thousands of dollars in attorneys' fees for what was in essence just a summary judgment proceeding, with little discovery or actual development of the case ever being done.

## B. The balance of the equities weighs in favor of staying the trial court's order as well.

Similarly, the balance of the equities here weighs in favor of—at a minimum—granting Insight's requested temporary relief of staying the trial court's supersedeas motion. Otherwise, Insight will have to either post the sum of $6m—to which Stonebriar is not entitled under either a supersedeas analysis or a merits review of the underlying final judgment—or face continual threats to "collect" and execute on a judgment that has no dollar value of damages stated on its face, improperly awards "specific performance" to which Stonebriar is not legally entitled, and the contours of which are wholly unclear.

16

If this Court grants the temporary relief requested here and stays the trial court's supersedeas order, Insight's cash deposit still remains with the Collin County District Clerk and is sufficient under the circumstances. A nominal amount has been held appropriate where the plaintiff failed to show how it will be harmed by the pendency of an appeal. *Qatar Found. for Educ., Sci. & Cmty. Dev. v. Paxton*, No. 03-20-00129-CV, 2020 WL 6269267, at \*4 (Tex. App.—Austin Oct. 22, 2020, no pet.). Further, in light of the deficiencies within the process below and within the final judgment itself, Insight's deposit is sufficient under the Rules and under principles of equity discussed above.

## CONCLUSION & PRAYER

Accordingly, Insight respectfully requests that this Court issue an emergency stay of the trial court's supersedeas order and further preclude Stonebriar from attempting to enforce, execute, or collect on the judgment pending the Court's resolution of this matter. Insight also prays that Stonebriar be precluded from conducting any post-judgment discovery pending a ruling on the supersedeas motion. Insight further requests any other and further relief to which it may show itself justly entitled.

17

Respectfully submitted,

*/s/ Rachel H. Stinson*
Thomas C. Wright
State Bar No. 22059400
Rachel H. Stinson
State Bar No. 24037347
**WRIGHT CLOSE & BARGER, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321 - Telephone
(713) 572-4320 - Facsimile
wright@wrightclosebarger.com
stinson@wrightclosebarger.com

**Counsel for Appellant Insight Investments, LLC**

18

## CERTIFICATION

I certify that I have reviewed the foregoing motion and have concluded that every factual statement in the motion is supported by the attached exhibits or by the Original Clerk's Record already on file in this case. Further, Insight has requested a Supplemental Clerk's Record for matters not included in the Original Clerk's Record, which was filed in this Court on December 30, 2024.

*/s/ Rachel H. Stinson*
Rachel H. Stinson
Dated: January 16, 2025

## CERTIFICATE OF CONFERENCE

On January 16, 2025, I conferred with counsel for Appellee, and she stated that her client ***opposes*** the relief sought by this motion.

*/s/ Rachel H. Stinson*
Rachel H. Stinson

## CERTIFICATE OF SERVICE

On January 16, 2025, true and correct copies of this Motion were forwarded to all counsel of record, via e-service, by transmitting to the undersigned's electronic service provider.

*/s/Rachel H. Stinson*
Rachel H. Stinson

# Exhibit A
## Final Judgment (1CR1021)

Filed: 9/5/2024 5:23 PM
Michael Gould
District Clerk
Collin County, Texas
By Natika Dixon Deputy
Envelope ID: 91703149

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § § | |
| v. | § § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC, | § § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## [~~PROPOSED~~] FINAL JUDGMENT

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Renewed Traditional Motion for Summary Judgment ("Renewed MSJ"), for the reasons set forth by Stonebriar, and based on the entire record herein, including the pleadings, arguments of counsel, if any, and evidence submitted by the parties—including the evidence submitted in connection with the August 6, 2024 hearing on attorneys' fees and costs—the Court GRANTS Stonebriar's Renewed MSJ in its entirety and renders judgment in favor of Stonebriar on Stonebriar's claims for breach of contract and attorneys' fees. Insight's Objections to Stonebriar's Renewed Traditional MSJ are OVERRULED, and Insight's Motion for Rehearing and New Trial is DENIED.

Insight is therefore ORDERED to repurchase the Equipment Lease Agreement[1] pursuant to the terms of the Repurchase Letter within seven business days of this Final Judgment. Insight is further ORDERED to pay Stonebriar's reasonable and necessary attorneys' fees and costs in the amount of $ 291,341.00. In addition, Stonebriar is awarded conditional appellate attorneys' fees and costs in the amount of $160,800 for any appeal to the intermediate court of appeals. Stonebriar is further award conditional appellate attorneys' fees and costs in the amount of $183,630 for any appeal to the Supreme Court of Texas (consisting of $66,840 for the petition for review stage, and $116,790

---

[1] Capitalized terms not otherwise defined in this Final Judgment have the meaning given to them in Stonebriar's Renewed MSJ.

**1021**

for the merits briefing stage, oral argument, and conclusion of the appeal).

This is a final, appealable judgment that disposes of all claims between the parties. All relief not expressed granted by this Final Judgment is DENIED.

9/16/2024
_____
DATE

~~Benjamin A. Smith~~
_____
PRESIDING JUDGE

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Randi Marks on behalf of LeElle Slifer
Bar No. 24074549
rmarks@winston.com
Envelope ID: 91703149
Filing Code Description: Proposed Order
Filing Description: Final Judgment
Status as of 9/17/2024 8:41 AM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dylan French | | DFrench@winston.com | 9/5/2024 5:23:30 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 9/5/2024 5:23:30 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 9/5/2024 5:23:30 PM | SENT |

# Exhibit B
## Notice of Cash Deposit

Filed: 12/30/2024 9:54 AM
Michael Gould
District Clerk
Collin County, Texas
By Alma Borboa Deputy
Envelope ID: 95704262

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | COLLIN COUNTY, TEXAS |
| | § § | 380th JUDICIAL DISTRICT |
| v. | § § § | |
| | § | **Jury Trial Demanded** |
| INSIGHT INVESTMENTS, LLC, *Defendant.* | § § | |

### INSIGHT INVESTMENTS, LLC'S NOTICE OF CASH DEPOSIT

Pursuant to Texas Rules of Appellate Procedure 24.1 and 24.2, Defendant Insight Investments, LLC ("Insight") hereby files this Notice of Cash Deposit, and would show as follows:

1. Defendant has deposited **$500.00** into the registry of this Court to supersede the Final Judgment entered against it.

2. On September 16, 2024, the trial court signed a "Final Judgment" in favor of Plaintiff and against Defendant Insight. Defendant intends to appeal this "Final Judgment" to the intermediate court of appeals, and if necessary, to the Texas Supreme Court. Defendant seeks to supersede execution of the "Final Judgment" pending final determination of all appeals. Defendant also seeks to suspend any collection efforts pending issuance of a final mandate from the appellate courts. *See* TEX. R. APP. P. P. 24.1, 24.2.

Copy from re:SearchTX

3.     The "Final Judgment" at issue does not specify an amount of compensatory damages, nor does it direct a particular amount of money to be paid by Defendant to Plaintiff. Nonetheless, out of an abundance of caution, Defendant makes this cash deposit to supersede enforcement, and such deposit is effective upon receipt by the district clerk.  *See* TEX. R. APP. P. 24.1, 24.2.

4.     At the very least, the cash deposit is sufficient to supersede enforcement of the attorneys' fee award in the judgment.  Attorneys' fees are not included in the amount required to supersede enforcement of a judgment. "Because attorney's fees are neither compensatory damages nor costs for purposes of suspending enforcement of a money judgment, we conditionally grant the writ and direct the trial court to vacate its order and refund any monies overpaid by Nalle." *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 176 (Tex. 2013).

Respectfully submitted,

*/s/ Rachel H. Stinson*
Thomas C. Wright
State Bar No. 22059400
Rachel H. Stinson
State Bar No. 24037347
**WRIGHT CLOSE & BARGER, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321 (Phone)
(713) 572-4320 (Facsimile)
wright@wrightclosebarger.com
stinson@wrightclosebarger.com

2

Copy from re:SearchTX

*and*

Mark W. Stout
State Bar No. 24008096
Owen C. Babcock
State Bar No. 24104585
**PADFIELD & STOUT, L.L.P.**
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
817-338-1616 (Phone)
817-338-1610 (Facsimile)
mstout@padfieldstout.com
obabcock@padfieldstout.com

*Attorneys for Defendant Insight Investments, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, a true and correct copy of the foregoing was served upon all counsel of record in accordance with the requirements set forth in the Texas Rules of Civil Procedure and e-filed with the undersigned's e-filing provider.

*/s/ Rachel H. Stinson*
Rachel H. Stinson

3

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mandy Gonzales on behalf of Rachel Hope Stinson
Bar No. 24037347
gonzales@wrightclosebarger.com
Envelope ID: 95704262
Filing Code Description: Bond
Filing Description: Notice of Cash Deposit
Status as of 12/30/2024 10:58 AM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dylan French | | DFrench@winston.com | 12/30/2024 9:54:35 AM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 12/30/2024 9:54:35 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 12/30/2024 9:54:35 AM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 12/30/2024 9:54:35 AM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 12/30/2024 9:54:35 AM | SENT |

Copy from re:SearchTX

# Exhibit C
Motion to Set Supersedeas Amount

Filed: 12/31/2024 6:11 PM
Michael Gould
District Clerk
Collin County, Texas
By Karli Curtius Deputy
Envelope ID: 95764844

Cause No. 380-06242-2022

| STONEBRIAR COMMERCIAL FINANCE LLC, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| | § | |
| *Plaintiff*, | § | COLLIN COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC, | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S MOTION TO SET SUPERSEDEAS AMOUNT

Plaintiff Stonebriar Commercial Finance LLC ("Stonebriar") files this Motion to Set Supersedeas Amount, asking this Court to set the supersedeas amount at $5,903,679.08 and, in doing so, declare Insight Investments, LLC's ("Insight") $500 cash deposit insufficient to suspend this Court's Final Judgment. In support of this Motion, Stonebriar respectfully shows the Court as follows:

## INTRODUCTION

A judgment debtor has a choice: the debtor can submit to the judgment and abide by its terms, or the debtor can supersede the judgment for the duration of the debtor's appeal by filing a proper bond or deposit with the trial court. Insight did neither. Instead of submitting to the judgment or posting a proper bond or deposit, Insight has instead made a $500 cash deposit with the clerk of the Court. It is unclear what this $500 represents, or how Insight arrived at this figure. (Insight's notice and letter to the clerk provide no such explanation, and Insight's counsel has provided no explanation, either.) But that doesn't matter. What matters, for purposes of this Motion, is that the $500 cash deposit is insufficient to protect Stonebriar against the loss or damage it faces as a result of Insight's appeal. And it fails to provide Stonebriar with any assurance that it can collect on this Court's Final Judgment if (and when) it is affirmed on appeal.

This Court's Final Judgment requires Insight to repurchase a certain lease agreement from

**Stonebriar's Motion to Set Supersedeas Amount** - Page 1

Copy from re:SearchTX

Stonebriar. As of today, that requires Insight to pay Stonebriar $5,903,679.08. This equals the amount Stonebriar initially demanded on October 14, 2022 ($4,841,021.72), plus the $1,062,657.36 in contractually agreed-upon interest that Insight has accrued in the 808 days since ($1,315.17 each day). Accordingly, this Court should set the supersedeas amount at $5,903,679.08, the undisputed amount owing at the time of Stonebriar's initial repurchase demand plus the accumulated interest in the time since. This Court should further award Stonebriar its reasonable attorney's fees incurred in prosecuting this Motion, which Stonebriar has only incurred due to Insight's continued gamesmanship in this matter.

## BACKGROUND

In November 2022, Stonebriar sued Insight for breach of contract and attorney's fees based on a short, simple, and exceedingly clear contract (the "Repurchase Letter")—which Insight drafted itself and executed. *See* Pl.'s Orig. Pet. at 4 ¶ 14; Renewed Traditional Motion for Summary Judgment ("Renewed MSJ") at 4 ¶ 5 (citing Ex. C).

The Repurchase Letter states that Stonebriar will provide Insight with a loan evidenced by a promissory note dated July 27, 2022 ("Promissory Note"). *See* Renewed MSJ, Ex. C. Insight, in turn, will deliver certain original documentation to Stonebriar's office. *Id.* If Insight fails to deliver the original documentation to Stonebriar, then Stonebriar has "sole discretion" under the Repurchase Letter to require Insight to repurchase a certain Equipment Lease Agreement.[1] There is no right to cure. The repurchase price, according to the Repurchase Letter, shall equal "the principal outstanding of the Promissory Note, plus accrued interest at the rate stated in the Promissory Note, plus all costs of collection including attorney's fees." *See id.*

---

[1] "Equipment Lease Agreement" has the meaning given to it in Stonebriar's Renewed MSJ.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 2

Copy from re:SearchTX

While Stonebriar timely provided Insight with the loan described in the Repurchase Letter, Insight failed to deliver the original documentation to Stonebriar despite several inquiries from Stonebriar over a significant period of time. Pl.'s Reply in Support of Renewed MSJ, Ex. I at 2 ¶¶ 6–7; *see* Def.'s Resp. to Pl.'s Renewed MSJ, Ex. A, Declaration of Insight President at 3 ¶ 7 (acknowledging that "Stonebriar loaned $5,010,998.00 to Insight for the purchase of equipment for use in Lessee's business operations."). Stonebriar therefore exercised its discretion under the Repurchase Letter and demanded Insight repurchase the Equipment Lease Agreement for the amount outstanding on the loan plus accrued interest—which, as of October 14, 2022, totaled $4,841,021.72. *See id.* at 2 ¶ 8; Renewed MSJ, Ex. E; Def.'s Resp. to Pl.'s Renewed MSJ, Ex A at 4 ¶ 11 (acknowledging that, on October 14, 2022, "Stonebriar demanded that Insight immediate [*sic*] repurchase [the Equipment Lease Agreement] through payment of $4,841[,]021.72"). As part of the demand, Stonebriar informed Insight that interest would accumulate at "$1,315.17 for each day [t]hereafter." Renewed MSJ, Ex. E.

Insight still didn't respond, so Stonebriar sent a follow-up demand letter to Insight on November 2, which demanded that "Insight 'immediately consummate the repurchase of the Equipment Lease Agreement' and remit payment of $4,864,694.78."[2] Def.'s Resp. to Pl.'s Renewed MSJ, Ex. A at 4 ¶ 12. When Insight finally responded, it did not contest the calculation of the repurchase price or the accumulated interest under the Repurchase Letter. Instead, Insight refused to repurchase the Equipment Lease Agreement altogether and promised to provide Stonebriar with the required original documentation "soon." *See id.* But that was no longer an option and—even if it was—Insight to this day has never delivered the original documentation to Stonebriar, as it was

---

[2] This amount (that is, the $4,464,694.78 that Stonebriar demanded on November 2, 2022) equals the amount Stonebriar initially demanded on October 14, 2022, plus $23,673.06 in accrued interest (18 days at $1,315.17 in daily interest).

**Stonebriar's Motion to Set Supersedeas Amount** - Page 3

Copy from re:SearchTX

required to do. *See* Pl.'s Reply in Support of Renewed MSJ, Ex. I at 2 ¶ 6

Shortly after initiating the lawsuit, Stonebriar moved for traditional summary judgment on its claims for breach of contract and attorney's fees, citing the plain language in the Repurchase Letter and the limited universe of facts (none of which Insight could dispute). Pl.'s Orig. Mot. for Summary Judgment at 1. Instead of responding, Insight moved for a continuance, emphasizing its need to conduct discovery prior to summary judgment, including at least two depositions allegedly "strik[ing] to the heart of the dispute. *See* Def.'s Mot. for Continuance at 2 ¶¶ 5–6. The Court thereafter granted the continuance.

Insight then did next-to-nothing for the following year. Insight never followed up on the depositions. And Insight only issued a handful of written discovery requests, after close of business on the last possible day to do so. *See* Renewed MSJ at 7 (chart illustrating Insight's inaction).

Accordingly, in March 2024, Stonebriar renewed its traditional motion for summary judgment. Insight opposed Stonebriar's Renewed Motion for Summary Judgment and asserted a slew of objections to Stonebriar's summary judgment evidence, each of which required a response from Stonebriar. After reviewing these materials, the Court granted Stonebriar's Renewed Motion for Summary Judgment and overruled all of Insight's objections. *See* Ex. A, Order Granting Summary Judgment.

Insight filed a motion for rehearing and motion for new trial following this Court's order granting Stonebriar summary judgment. But this Court again denied Insight's motion and entered final judgment in Stonebriar's favor shortly thereafter (the "Final Judgment"). *See* Ex. B, Final Judgment. As part of that Final Judgment, this Court ordered Insight to repurchase the Equipment Lease Agreement—as that term is defined in Stonebriar's Renewed Motion for Summary Judgment—and awarded Stonebriar all its requested attorneys' fees, including conditional appellate attorneys' fees.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 4

Copy from re:SearchTX

*See id.* Insight then filed a second motion for new trial—which largely mirrored its first motion for new trial—but the motion was overruled as a matter of law.

Having exhausted all post-judgment options, Insight has now noticed its appeal. But instead of noticing its appeal to the Fifth Court of Appeals as required by law, Insight has noticed its appeal to the Fifteenth Court of Appeals based on a tortured interpretation of the newly established Court's jurisdictional reach. (As of now, the appeal is still pending in that Court.) Insight has also deposited cash into the Court's registry in a purported attempt to supersede this Court's judgment. *See* Ex. C, Letter to Clerk. The amount of the deposit: **$500.**

It is obvious that five hundred dollars would not adequately protect Stonebriar during the pendency of Insight's appeal. When Stonebriar prevails on appeal, Insight will be obligated to pay to repurchase the Equipment Lease Agreement from Stonebriar pursuant to this Court's Final Judgment. That amount is currently $5,903,679.08. This equals the amount Stonebriar initially demanded on October 14, 2022 ($4,841,021.72), plus the $1,062,657.36 in contractually agreed-upon interest that Insight has accrued in the 808 days since. Accordingly, at a minimum, this Court should set the supersedeas amount at $5,903,679.08, the undisputed amount owing at the time of Stonebriar's initial repurchase demand plus the accumulated interest in the time since.

While counsel for Stonebriar advised counsel for Insight of the insufficiency of the deposited amount ($500), counsel for Insight has refused to make any take any further action. Because Insight's deposit does not comply with law and counsel for Insight refuses to engage with counsel for Stonebriar on this issue, Stonebriar must now move this Court to set the supersedeas amount at $5,903,679.08. Ex. D, Declaration of Jeffrey L. Wilkison.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 5

Copy from re:SearchTX

## ARGUMENT

**I.**     **The Supersedeas Amount Should Be the Amount Required to Repurchase the Equipment Lease Agreement ($5,903,679.08, as of today).**

The Texas Rules of Appellate Procedure allow a judgment creditor to suspend execution of a judgment during the pendency of appeal by filing a "good and sufficient" bond, making a cash deposit in lieu of a bond, or by providing alternative security ordered by the court. Tex. R. App. P. 24.1(a), (b); *see also* Tex. Civ. Prac. & Rem. § 52.006. "The intent of the rule is to enable the appellee to collect the judgment against the appellant and [its] sureties if the judgment is affirmed." *FaulknerUSA, LP v. Alaron Supply Co., Inc.*, 301 S.W.3d 345, 347 (Tex. App.—El Paso 2009, no pet.). The trial court retains jurisdiction to order or modify the amount and type of security necessary to supersede its judgment, even after its plenary power expires. Tex. R. App. P. 24.3(a).

The amount of the bond or deposit depends on the type of judgment at issue. *See* Tex. R. App. P. 24.1, 24.2(a). "When the judgment is for something other than money or an interest in property—such as a judgment for specific performance on a contract—the trial court 'must set the amount and type of security that the judgment creditor must post.'" *Waterford Lago Vista, LLC v. Waterford Dev. Partners, L.P.*, No. 3-24-27-CV, 2024 WL 3207528, at *1–*2 (Tex. App.—Austin June 28, 2024, no pet.); Tex. R. App. P. 24.2(a)(3).

While the trial court has wide discretion in setting the amount and type of security necessary to supersede the judgment, the supersedeas amount "must adequately protect the judgment creditor against loss or damage that the appeal might cause." Tex. R. Civ. App. P. 24.2(a)(3); *see Hernandez v. U.S. Bank Tr. N.A. for LSF8 Master Participation Tr.*, 527 S.W.3d 307, 309 (Tex. App.—El Paso 2017, no pet.). This is determined by evaluating the "monetary or material losses ascertainable . . . by the judgment itself" or "by evidence relating to proof of damages generally." *Waterford Lago Vista*, 2024 WL 3207528, at *2 (quoting *Haedge v. Central Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 828 (Tex. 2020)).

**Stonebriar's Motion to Set Supersedeas Amount** - Page 6

Copy from re:SearchTX

Here, the Court's Final Judgment orders Insight to—among other things—"repurchase the Equipment Lease Agreement" from Stonebriar "pursuant to the terms of the Repurchase Letter," as Insight was already obligated to do when Stonebriar first exercised its discretion and demanded Insight repurchase the Equipment Lease Agreement for $4,841,021.72 (the amount outstanding on the loan plus accrued interest as of October 14, 2022). Pl.'s Reply in Support of Renewed MSJ, Ex. I at 2 ¶ 8; Renewed MSJ, Ex. E; Def.'s Resp. to Pl.'s Renewed MSJ, Ex A at 4 ¶ 11. Because the Final Judgment orders Insight to specifically perform under a contract—albeit by tendering a specific amount to Stonebriar—the judgment is primarily for something other than "money or an interest in property." Tex. R. App. P. 24.2(a)(3); *see Waterford Lago Vista*, 2024 WL 3207528, at *1–*2 (reasoning that a judgment requiring specific performance falls under Rule 24.2(a)(3)). Accordingly, the Court must set the amount required to supersede its judgment at an amount sufficient "to adequately protect" Stonebriar against loss or damage that the appeal might cause.

That amount plainly is not $500, as Insight's eleventh-hour cash deposit suggests. Rather, it is the amount required to repurchase the Equipment Lease Agreement from Stonebriar under the Repurchase Letter. As of today, that amount is currently $5,903,679.08, which equals the amount Stonebriar initially demanded on October 14, 2022 ($4,841,021.72) plus the $1,062,657.36 in interest that Insight has accrued in the 808 days since ($1,315.17 each day after October 14, 2022).[3] Ex. D. This amount adequately protects Stonebriar from the loss or damage it will experience as a result of the appeal—that is, the amount Insight would otherwise be required to pay Stonebriar pursuant to this Court's Final Judgment (excluding attorneys' fees, see note 2). And it ensures Stonebriar's ability

---

[3] Arguably, this amount should also include attorneys' fees since the repurchasing the Equipment Lease Agreement would include such fees. However, Texas law is unclear whether in the present instance a supersedeas bond or deposit should include attorneys' fees and so, out of an abundance of caution, Stonebriar has not included attorney's fees in this calculation.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 7

Copy from re:SearchTX

to recover if (and when) this Court's judgment is affirmed, which aligns with the purpose of the supersedeas rule. *See Faulkner*, 301 S.W.3d at 347. For these reasons, this Court should set the amount necessary to suspend its Final Judgment at $5,903,679.08.

10. In addition, this Court should award Stonebriar the reasonable attorney's fees it has incurred in moving this Court to set a proper supersedeas amount, given Insight's plainly deficient $500 cash deposit and its counsel's unwillingness to respond to communications on this issue. *See Howell v. Tex. Workers' Compensation Com'n*, 143 S.W.3d 416, 446–47 (Tex. App.—Austin 2004, pet. denied) (describing the Court's inherent authority and authority under Rule 13 to impose sanctions to deter, alleviate, and counteract bad-faith abuse of the judicial process). Such an award would deter such frivolous deposits in the future and thereby preserve this Court's limited resources. *See id.* It would further deter parties from disingenuously advocating for unnecessary continuances, such as Insight did here. The Court can—and should—take this past conduct into account when considering the propriety of ordering attorneys' fees. *Great Western Drilling, Ltd. v. Alexander*, 305 S.W.3d 688, 698 (Tex. App.—Eastland 2009, no pet.) (noting the appropriateness of considering past behavior in imposing sanctions). And considering this past conduct—coupled with Insight's most recent maneuver with the $500 cash deposit—this Court should award Stonebriar all reasonable attorney's fees incurred in prosecuting this Motion.

## CONCLUSION

For these reasons, Stonebriar respectfully requests that this Court grant Stonebriar's Motion to Set Supersedeas Amount and set the amount necessary to supersede its Final Judgment at $5,903,679.08. Stonebriar further requests an award of all attorney's fees incurred in the prosecution of this Motion as well as all other relief to which Stonebriar may show itself to be justly entitled.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 8

Copy from re:SearchTX

Dated: December 31, 2024

Respectfully submitted,

/s/ LeElle Slifer

LeElle Slifer
State Bar No. 24074549
Dylan French
State Bar No. 24116393
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, Texas 75202
Telephone: (214) 453-6500
lslifer@winston.com
dfrench@winston.com

*Attorneys for Plaintiff Stonebriar Commercial Finance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on December 31, 2024 to all counsel of record via E-Filing.

/s/ Dylan French

Dylan French

## CERTIFICATE OF CONFERENCE

I certify that counsel for Stonebriar has conferred with counsel for Insight via email regarding Stonebriar's the supersedeas amount proposed in this Motion. Insight refused to agree to the proposed amount.

/s/ Dylan French

Dylan French

Copy from re:SearchTX

# EXHIBIT A

Copy from re:SearchTX

Filed: 5/2/2024 11:53 PM
Michael Gould
District Clerk
Collin County, Texas
By Johnna Meadows Deputy
Envelope ID: 87338191

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § § | |
| v. | § § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC., | § § | |
| | § § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED TRADITIONAL MOTION FOR SUMMARY JUDGMENT

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Renewed Traditional Motion for Summary Judgment, for the reasons set forth by Stonebriar, and based upon the entire record herein, including the pleadings, the evidence submitted by the parties, and the arguments of counsel, if any, it is:

ORDERED that Stonebriar's Renewed Traditional Motion for Summary Judgment is GRANTED in its entirety, and Insight Investment, LLC's ("Insight") Objections to Stonebriar's Renewed Traditional Motion for Summary Judgment are OVERRULED.

Insight is therefore ORDERED to repurchase the Equipment Lease Agreement pursuant to the terms of the Repurchase Letter within seven business days of this Order.[1] Insight is FURTHER ORDERED to pay Stonebriar's reasonable and necessary attorneys' fees and all costs incurred in this litigation. If Stonebriar and Insight are unable to agree on the amount of reasonable fees and costs incurred, Stonebriar shall set a date for an evidentiary hearing before the Court to resolve the issue of fees and costs.

---

[1] Capitalized terms not otherwise defined in this order have the meaning given to them in Stonebriar's Renewed Traditional Motion for Summary Judgment.

Copy from re:SearchTX

All relief not expressly granted by this Order is DENIED.


SO ORDERED.

Dated:_____5/6/2024_____

_Benjamin N. Smith_
PRESIDING JUDGE

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dylan French on behalf of Dylan French
Bar No. 24116393
dfrench@winston.com
Envelope ID: 87338191
Filing Code Description: Order
Filing Description: (Proposed) Order Granting Plaintiff's Renewed Traditional Motion for Summary Judgment
Status as of 5/6/2024 4:15 PM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dylan French | | DFrench@winston.com | 5/2/2024 11:53:29 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 5/2/2024 11:53:29 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 5/2/2024 11:53:29 PM | SENT |

Copy from re:SearchTX

# EXHIBIT B

Copy from re:SearchTX

Filed: 9/5/2024 5:23 PM
Michael Gould
District Clerk
Collin County, Texas
By Natika Dixon Deputy
Envelope ID: 91703149

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § § | |
| | § | |
| v. | § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC, | § § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

### [PROPOSED] FINAL JUDGMENT

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Renewed Traditional Motion for Summary Judgment ("Renewed MSJ"), for the reasons set forth by Stonebriar, and based on the entire record herein, including the pleadings, arguments of counsel, if any, and evidence submitted by the parties—including the evidence submitted in connection with the August 6, 2024 hearing on attorneys' fees and costs—the Court GRANTS Stonebriar's Renewed MSJ in its entirety and renders judgment in favor of Stonebriar on Stonebriar's claims for breach of contract and attorneys' fees. Insight's Objections to Stonebriar's Renewed Traditional MSJ are OVERRULED, and Insight's Motion for Rehearing and New Trial is DENIED.

Insight is therefore ORDERED to repurchase the Equipment Lease Agreement[1] pursuant to the terms of the Repurchase Letter within seven business days of this Final Judgment. Insight is further ORDERED to pay Stonebriar's reasonable and necessary attorneys' fees and costs in the amount of $ 291,341.00. In addition, Stonebriar is awarded conditional appellate attorneys' fees and costs in the amount of $160,800 for any appeal to the intermediate court of appeals. Stonebriar is further award conditional appellate attorneys' fees and costs in the amount of $183,630 for any appeal to the Supreme Court of Texas (consisting of $66,840 for the petition for review stage, and $116,790

---

[1] Capitalized terms not otherwise defined in this Final Judgment have the meaning given to them in Stonebriar's Renewed MSJ.

for the merits briefing stage, oral argument, and conclusion of the appeal).

This is a final, appealable judgment that disposes of all claims between the parties. All relief not expressed granted by this Final Judgment is DENIED.

9/16/2024
_____
DATE

*Benjamin A. Smith*
_____
PRESIDING JUDGE

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Randi Marks on behalf of LeElle Slifer
Bar No. 24074549
rmarks@winston.com
Envelope ID: 91703149
Filing Code Description: Proposed Order
Filing Description: Final Judgment
Status as of 9/17/2024 8:41 AM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dylan French | | DFrench@winston.com | 9/5/2024 5:23:30 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 9/5/2024 5:23:30 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 9/5/2024 5:23:30 PM | SENT |

Copy from re:SearchTX

# EXHIBIT C

Copy from re:SearchTX


**WCB** Wright Close&Barger

Trials and Appeals in Civil Cases

RACHEL H. STINSON
STINSON@WRIGHTCLOSEBARGER.COM

Board Certified
Civil Appellate Law
Texas Board of Legal Specialization

December 23, 2024

Mr. Michael Gould                              *Via Federal Express 7709 9290 7857*
Collin County District Clerk
Russell A. Steindam Courts Building
2100 Bloomdale Rd.
McKinney, TX 75071

     Re:    Cause No. 380-06242-2022; *Stonebriar Commercial Finance, LLC v Insight Investments, LLC*, in the 380th Judicial District Court of Collin County, Texas.

Dear Mr. Gould:

    Enclosed please find a Cash Deposit to be deposited in the court's registry in the above-referenced matter pursuant to Texas Rule of Appellate Procedure 24.

    Please direct a receipt to the below address, or via email to: stinson@wrightclosebarger.com.

    Thank you in advance for your assistance in this regard. Please do not hesitate to contact my office should you have any questions.

                    Very truly yours,

                    */s/ Rachel H. Stinson*
                    Rachel H. Stinson

RHS/mjg

Enclosures
cc: All Counsel of Record

**WRIGHT CLOSE & BARGER, LLP**
ONE RIVERWAY, SUITE 2200, HOUSTON, TEXAS 77056 • TEL: 713.572.4321 • FAX: 713.572.4320

Copy from re:SearchTX

Collin County District Clerk
12/23/2024  1536.0001 - Stonebriar V. Insight          12.23.24              500.00              500.00

12/23/2024          31083          Gross:          500.00   Ded:          0.00  Net:          500.00

SECURITY FEATURES INCLUDE TRUE WATERMARK PAPER, HEAT SENSITIVE ICON AND FOIL HOLOGRAM.

**31083**
70-2189/719
3598

**WRIGHT CLOSE & BARGER, LLP**
ONE RIVERWAY, SUITE 2200
HOUSTON, TX 77056

**PNC Bank, N.A.**   071

CHECK ARMOR

12/23/2024                                    ****$500.00

*** FIVE HUNDRED & 00/100 DOLLARS          DATE          AMOUNT

PAY
TO THE
ORDER
OF

Collin County District Clerk
2100 Bloomdale Road Suite 12132
McKinney TX 75071

VALID VAL
ID VALID VAL
VALID VALI
ID VALID VAL

AUTHORIZED SIGNATURE

⑆031083⑆ ⑈071921891⑈ 494313259 2⑈

WRIGHT CLOSE & BARGER, LLP                                              31083


Rev 3/19
Copy from re:SearchTX


104651


10465

FedEx

ORIGIN ID:HOUA     (713) 572-4321
TRACY STUBBLEFIELD
WRIGHT & CLOSE, LLP
ONE RIVERWAY, SUITE 2200

HOUSTON, TX 77056
UNITED STATES US

SHIP DATE: 23DEC24
ACTWGT: 0.50 LB
CAD: 1217104/INET4760

BILL SENDER

TO  MICHAEL GOULD
COLLIN COUNTY DISTRICT CLERK
2100 BLOOMDALE RD

MCKINNEY TX 75071
(972) 548-4320          REF: 1536.0001
INV:
PO:                              DEPT:





FedEx Express

FRI - 27 DEC 5:00P
EXPRESS SAVER

TRK#
0201    7709 9290 7857

This envelope is only for FedEx Express® shi...
You can help us get your package safely to its

Do not ship liquids, blood, or clinical specimens in this packagin

REMOVE TO EXPOSE ADHESIVE

Copy from re:SearchTX

# EXHIBIT D

Copy from re:SearchTX

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § § | |
| | § | |
| v. | § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC., | § § | |
| | § | |
| | § | |
| Defendant. | § | |

**DECLARATION OF JEFFREY L. WILKISON IN SUPPORT OF PLAINTIFF'S MOTION TO SET SUPERSEDEAS AMOUNT**

1.      My name is Jeffrey L. Wilkison.  I am the Senior Vice President and Chief Risk Officer of Stonebriar Commercial Finance LLC.  As Senior Vice President and Chief Risk Officer, I am also responsible for the full range of managerial duties including staffing, underwriting, documentation, lien perfection, collection and recovery and compliance with policies and practices of both the organization and applicable regulatory agencies.  Further, I was directly involved in the transactions with Insight Investments, LLC ("Insight") described in Stonebriar's Original Petition, Stonebriar's Renewed Traditional Motion for Summary Judgment ("Renewed MSJ"), and Stonebriar's Motion to Set Supersedeas Amount. Indeed, I was in regular communication with Stonebriar employees regarding the communications with Insight and the transactions between the companies, I reviewed emails and letter correspondences between Insight and Stonebriar, I prepared communications to Insight—such as the Repurchase Demand attached as Exhibit E to Stonebriar's Renewed MSJ—and readily observed the interactions between the two companies as Senior Vice President and Chief Risk Officer.

Declaration of Jeffrey L. Wilkison – Page 1

Copy from re:SearchTX

2. On April 11, 2022, Stonebriar entered into a Master Non-Recourse Agreement with Insight Investments, LLC ("Security Agreement"). Exhibit A attached to Stonebriar's Renewed MSJ is a true and correct copy of the Security Agreement.

3. On July 27, 2022, Stonebriar and Insight executed a Specification pursuant to the Security Agreement ("Specification No. 1"). Exhibit B attached to Stonebriar's Renewed MSJ is a true and correct copy of Specification No. 1.

4. Insight also executed a separate contract detailing the conditions under which Insight could be required to repurchase the Equipment Lease Agreement[1] detailed in Specification No. 1 ("Repurchase Letter"). Exhibit C attached to Stonebriar's Renewed MSJ is a true and correct copy of the Repurchase Letter. The Repurchase Letter acknowledges that Stonebriar will provide Insight with a loan (the "Loan") evidenced by a promissory note dated July 27, 2022 ("Promissory Note"), and it requires Insight either to deliver certain original documentation or to, at Stonebriar's option, indemnify Stonebriar by repurchasing the Equipment Lease Agreement at "the principal outstanding of the Promissory Note, plus accrued interest at the rate stated in the Promissory Note, plus all costs of collection including attorney's fees."

5. As of today, December 31, 2024, the amount required to repurchase the Equipment Lease Agreement equals $5,903,679.08. This equals the amount included in the October 14, 2022 Repurchase Demand ($4,841,021.72), plus $1,062,657.36 in accumulated interest for the 808 days since then ($1,315.17 in accumulated interest for each day after October 14, 2022). This figure does not include the amount of attorney's fees Stonebriar has incurred attempting to enforce the Repurchase Letter through this litigation.

---

[1] Capitalized terms that I have not defined in this declaration have the meaning given to them in Stonebriar's Renewed MSJ.

Declaration of Jeffrey L. Wilkison – Page 2

Copy from re:SearchTX

6.      I regularly perform such calculations in my role as Senior Vice President and Chief Risk Officer.  And I have performed this same calculation previously as part of my involvement in the above-referenced transaction between Insight and Stonebriar, including as part of the above-referenced Repurchase Demand (attached as Exhibit E to Stonebriar's).

7.      My name is Jeffrey L. Wilkison, and I have personal knowledge of the facts, events, and documents referenced in this declaration.  My date of birth is August 15, 1960.  My business address is 5525 Granite Parkway, Suite 1800, Plano, Texas 75024.  And I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, in the State of Texas, on the 31th day of December, 2024.

*/s/ Jeff Wilkison*_____
Jeffrey L. Wilkison

Declaration of Jeffrey L. Wilkison – Page 3

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dylan French on behalf of Dylan French
Bar No. 24116393
dfrench@winston.com
Envelope ID: 95764844
Filing Code Description: Motion
Filing Description: Plaintiff's Motion to Set Supersedeas Amount
Status as of 1/2/2025 9:51 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 12/31/2024 6:11:11 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 12/31/2024 6:11:11 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 12/31/2024 6:11:11 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 12/31/2024 6:11:11 PM | SENT |
| Dylan French | | DFrench@winston.com | 12/31/2024 6:11:11 PM | SENT |

Copy from re:SearchTX

# Exhibit D
## Order Setting Supersedeas Amount

Filed: 12/31/2024 6:13 PM
Michael Gould
District Clerk
Collin County, Texas
By Karli Curtius Deputy
Envelope ID: 95764862

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § § | |
| v. | § § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC., | § § | |
| | § | |
| Defendant. | § § | |

## [PROPOSED] ORDER SETTING SUPERSEDEAS AMOUNT

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Motion to Set Supersedeas Amount and Defendant Insight Investments, LLC's response thereto, for the reasons set forth by Stonebriar, and based upon the entire record, including the pleadings, the evidence submitted by the parties, and the arguments of counsel, if any, it:

ORDERED that Insight must post a supersedeas bond or deposit in the amount of $5,903,679.08 to stay the execution of judgment in this case pending appeal. All relief not expressly granted by this Order is DENIED.

SO ORDERED.

Dated: _____1/6/2025_____

_____
PRESIDING JUDGE

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dylan French on behalf of Dylan French
Bar No. 24116393
dfrench@winston.com
Envelope ID: 95764862
Filing Code Description: Proposed Order
Filing Description: Proposed Order Setting Supersedeas Amount
Status as of 1/7/2025 8:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 12/31/2024 6:13:56 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 12/31/2024 6:13:56 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 12/31/2024 6:13:56 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 12/31/2024 6:13:56 PM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 12/31/2024 6:13:56 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 12/31/2024 6:13:56 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 12/31/2024 6:13:56 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 12/31/2024 6:13:56 PM | SENT |
| Dylan French | | DFrench@winston.com | 12/31/2024 6:13:56 PM | SENT |

# Exhibit E
## E-mails from Stonebriar's Counsel

Cause No. 380-06242-2022

| STONEBRIAR COMMERCIAL FINANCE LLC, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 380th JUDICIAL DISTRICT |
| | § | |
| INSIGHT INVESTMENTS, LLC, | § | **Jury Trial Demanded** |
| *Defendant.* | | |

### Declaration of Rachel H. Stinson

1.  My name is Rachel H. Stinson, and I am an attorney representing Insight Investments, LLC ("Insight") in the lawsuit captioned as Cause No. 380-06242-2022, *Stonebriar Commercial Finance, LLC v. Insight Investments, LLC*, in the 380th Judicial District Court of Collin County Texas and Case No. 15-24-00133-CV, *Insight Investments, LLC v. Stonebriar Commercial Finance, LLC* in the Fifteenth Court of Appeals in Austin, Texas.

2.  By virtue of my employment as an attorney for, and my representation of, Insight in this matter, I have personal knowledge of the facts, events, and documents referenced in this declaration. I have formally appeared as counsel representing Insight in this matter, and was copied on correspondence between Stonebriar's counsel, Insight's counsel, and court staff for the 380th Judicial District Court regarding the setting of Stonebriar's "Motion to Set Supersedeas Amount" for an evidentiary hearing. The document attached as Attachment 1 to this Declaration is a true and correct copy of one such string of correspondence.

3.  I am an employee of Wright Close & Barger, LLP, and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attachment 1 has five pages, and is an exact duplicate of the electronic communication received by my firm. The correspondence contained within Attachment 1 are records that were made at or near the time of each act, event, opinion, or statement set forth therein.  The

records were made by, or from information transmitted by, persons with knowledge of the matters set forth. My employer keeps such records in the course of a regularly-conducted business activity (i.e., the provision of legal services to Insight in this matter). It is the regular practice of the business activity to make the records.

4. My date of birth is August 11, 1975. My business address is One Riverway, Suite 2200, Houston, Texas 77056.

5. I declare under penalty of perjury that the foregoing is true and correct. *See* TEX. CIV. PRAC. & REM. CODE § 132.001.

Date Signed:  January 16, 2025

_____
Rachel H. Stinson

| From: | Slifer, LeElle B. |
|---|---|
| **To:** | Wright, Tom; Stinson, Rachel |
| **Cc:** | French, Dylan |
| **Subject:** | FW: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing |
| **Date:** | Monday, January 6, 2025 10:46:46 AM |
| **Attachments:** | image003.png |

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

Tom and Rachel, it is your call.  January 22 and we don't start collecting or February 3 and we start collecting.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

 VCard | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 10:34 AM
**To:** Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

I have January 22nd available.

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

# Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about

**Attachment 1 to Stinson**
**Declaration**

<span style="color:red">any pending or potential lawsuit! Doing so may result in serious consequences.</span>

**PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.**
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE.  PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.
**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 10:31 AM
**To:** Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>
**Cc:** French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

We need it as soon as possible, otherwise we will begin collection efforts because of the improper bond amount.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Wright, Tom <wright@wrightclosebarger.com>
**Sent:** Monday, January 6, 2025 10:30 AM
**To:** Amy Cabala <acabala@co.collin.tx.us>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>; Slifer, LeElle B. <LSlifer@winston.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>
**Subject:** Re: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

I have two cases set for trial Jan 27, as does Rachel, so Feb 3 would be best. Thanks.

Tom Wright

On Jan 6, 2025, at 10:07 AM, Amy Cabala <acabala@co.collin.tx.us> wrote:

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

I have January 27th, January 29th and February 3rd available at 9:00 a.m.

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

# Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.

PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 9:51 AM
**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

30 minutes.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com

<image001.jpg>

**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 9:50 AM
**To:** French, Dylan <DFrench@winston.com>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

How much time will you need for this hearing?

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762
Fax: (972) 547-5733

# Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE.  PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

---

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Sunday, January 5, 2025 9:31 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. Cabala,

Good evening.  We would like to request a hearing on Plaintiff's Motion to Set Supersedeas Amount in the case styled *Stonebriar Commercial Finance LLC v. Insight Investments, LLC*, No. 380-06242-2022, in the 380th Judicial District Court.  Please let us know the earliest dates the Court has available.  We have copied opposing counsel on this email, so they are aware of the communication and can weigh in on their availability.

Thanks,

Dylan

**Dylan French**
**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF COLLIN COUNTY, TEXAS |
| *Plaintiff,* | § § | |
| v. | § § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC, *Defendant.* | § § | **Jury Trial Demanded** |

## Declaration of Owen C. Babcock

1. My name is Owen C. Babcock, and I am an attorney representing Insight Investments, LLC ("Insight") in the lawsuit captioned as Cause No. 380-06242-2022, *Stonebriar Commercial Finance LLC v Insight Investments, LLC*, in the 380th Judicial District Court of Collin County Texas.

2. By virtue of my employment as an attorney for, and my representation of, Insight in this matter, I have personal knowledge of the facts, events, and documents referenced in this declaration. I have formally appeared as counsel representing Insight in this matter, and was copied on correspondence between Stonebriar's counsel, Insight's counsel, and court staff for the 380th Judicial District Court regarding the setting of Stonebriar's "Motion to Set Supersedeas Amount" for an evidentiary hearing. A true and correct copy of such correspondence is attached to this Declaration as **Attachment 1.**

3. Stonebriar's "Motion to Set Supersedeas Amount" was e-filed and simultaneously served upon counsel for Insight on December 31, 2024 at 6:11 pm. Stonebriar's proposed order in support of that motion was e-filed and served upon Insight's counsel two minutes later.

4. On Sunday, January 5, 2024, at 9:31 pm, Stonebriar's counsel e-mailed court staff for the 380th Judicial District Court to request a hearing on Stonebriar's motion. Counsel for Insight was copied on

that email.

5.      On Monday, January 6, 2025, the Court responded at 9:50 am to ask how much time Stonebriar needed for the hearing. Stonebriar's counsel responded at 9:51 am by asking for "30 minutes." The Court responded at 10:07 am, "I have January 27th, January 29th and February 3rd available at 9:00 a.m." Insight's counsel informed the Court and Stonebriar's counsel at 10:18 am that, "[s]ince the hearing will need to be an evidentiary hearing, we might need more like an hour." Counsel for Stonebriar agreed at 10:22 am that "[a]n hour is fine[.]" At 11:00 am, counsel for Stonebriar emailed the Court and counsel for Insight: "We'll do February 3 for 1 hour, thank you."

6.      Despite agreeing to have its motion set for hearing on February 3rd at 9:00 am, Stonebriar did not send out notice for such a setting. Instead, at 6:31 pm on Monday, January 6, 2025, counsel for Stonebriar e-mailed the Court and counsel for Insight to state: "Unfortunately, we have an unmovable conflict on February 3. Can you please let us know what dates the Court has available the week of February 10th?"

7.      Counsel for Stonebriar again e-mailed the Court at 10:19 pm on Tuesday, January 7, 2025, to ask whether Stonebriar's motion could be heard "the week of February 10."

8.      The Court responded to all counsel on Wednesday, January 8, 2025 at 9:47 am: "It looks like the order was signed on January 6th." Stonebriar's counsel responded three minutes later, "Thank you, could you please send us a copy? We did not receive a notification and I cannot pull it off the docket." Counsel for Insight did not receive any notification that the order had been signed, either. Then, at 10:28 am, counsel for Stonebriar circulated a .pdf of the signed order, saying "we were able to obtain it a different way."

9.      The .pdf that Stonebriar circulated, and the version of the order that appears on this Court's electronic docket, does appear to show that Stonebriar's proposed order was electronically signed without alteration by the Court on January 6, 2025—the same day that Stonebriar had agreed to set the motion for an evidentiary hearing on February 3, 2025.

10. I am an employee of Padfield & Stout, LLP, and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attachment 1 has seven (7) pages, and is an exact duplicate of the electronic communication received by my firm. The correspondence contained within **Attachment 1** are records that were made at or near the time of each act, event, opinion, or statement set forth therein. The records were made by, or from information transmitted by, persons with knowledge of the matters set forth. My employer Padfield & Stout, LLP keeps such records in the course of a regularly-conducted business activity (i.e., the provision of legal services to Insight in this matter). It is the regular practice of the business activity to make the records.

11. My date of birth is August 25, 1992. My business address is 100 Throckmorton Street, Suite 700, Fort Worth, Texas 76102.

12. I declare under penalty of perjury that the foregoing is true and correct. See TEX. CIV. PRAC. & REM. CODE § 132.001.

Date Signed:  January 10, 2025

_____
Owen C. Babcock

| From: | Slifer, LeElle B. |
|---|---|
| To: | Amy Cabala; French, Dylan; "Stinson, Rachel"; Wright, Tom |
| Cc: | Owen Babcock; Mark W. Stout |
| Subject: | RE: [External] No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing |
| Date: | Wednesday, January 8, 2025 10:29:02 AM |
| Attachments: | image005.png |
| | Insight - Proposed Order Setting Supersedeas Amount (1).pdf |

Never mind, we were able to obtain it a different way. We've attached it here for opposing counsel. Thank you!

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP

2121 North Pearl Street, Suite 900

Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Slifer, LeElle B.

**Sent:** Wednesday, January 8, 2025 9:51 AM

**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Wright, Tom <wright@wrightclosebarger.com>

**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Thank you, could you please send a copy? We did not receive a notification and I cannot pull it off the docket.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP

2121 North Pearl Street, Suite 900

Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>

**Sent:** Wednesday, January 8, 2025 9:47 AM

**To:** French, Dylan <DFrench@winston.com>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>

**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

Attachment 1 to Babcock Declaration

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

It looks like the order was signed on January 6th.

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

## Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.

PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Tuesday, January 7, 2025 10:19 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. Cabala,

Good evening. We are just following up on the below email. Please let us know if the Court has any availability the week of February 10.

Thank you.

Dylan

**Dylan French**

**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



**From:** French, Dylan
**Sent:** Monday, January 6, 2025 6:31 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Ms. Cabala,

Unfortunately, we have an unmovable conflict on February 3.  Can you please let us know what dates the Court has available the week of February 10th?

Thanks,

Dylan

**Dylan French**

**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 10:35 AM
**To:** 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>; French, Dylan <DFrench@winston.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Yes.

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

## Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

**PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.**

PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE.  PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** Stinson, Rachel <stinson@wrightclosebarger.com>
**Sent:** Monday, January 6, 2025 10:30 AM
**To:** Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** Re: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms Cabala:

Does the Feb 3rd date work for an hour time slot instead of 30 mins?

Rachel Stinson
Partner, Appeals
Cell: 713-935-0571

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 10:22:17 AM

**To:** Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com <obabcock@padfieldstout.com>; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

An hour is fine

**LeElle B. Slifer**
**Partner**
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
D: +1 214-453-6431
M: +1 817-371-9978
VCard | winston.com



**From:** Wright, Tom <wright@wrightclosebarger.com>
**Sent:** Monday, January 6, 2025 10:18 AM
**To:** Slifer, LeElle B. <LSlifer@winston.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Since the hearing will need to be an evidentiary hearing, we might need more like an hour.

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 9:51 AM
**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

30 minutes.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 9:50 AM
**To:** French, Dylan <DFrench@winston.com>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

How much time will you need for this hearing?

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

# Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.

PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Sunday, January 5, 2025 9:31 PM

**To:** Amy Cabala <acabala@co.collin.tx.us>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. Cabala,

Good evening.  We would like to request a hearing on Plaintiff's Motion to Set Supersedeas Amount in the case styled *Stonebriar Commercial Finance LLC v. Insight Investments, LLC*, No. 380-06242-2022, in the 380th Judicial District Court.  Please let us know the earliest dates the Court has available.  We have copied opposing counsel on this email, so they are aware of the communication and can weigh in on their availability.

Thanks,

Dylan

**Dylan French**
**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mandy Gonzales on behalf of Rachel Hope Stinson
Bar No. 24037347
gonzales@wrightclosebarger.com
Envelope ID: 96330442
Filing Code Description: Motion for Emergency Relief
Filing Description: Appellant's Opposed Emergency Motion for Temporary Relief
Status as of 1/17/2025 7:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| LeElle Slifer | 24074549 | lslifer@winston.com | 1/16/2025 5:48:20 PM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 1/16/2025 5:48:20 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 1/16/2025 5:48:20 PM | SENT |
| Dylan French | | dfrench@winston.com | 1/16/2025 5:48:20 PM | SENT |